# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**SUNCOAST INFRASTRUCTURE, INC.**  PETITIONER

VS.  CIVIL ACTION NO. 3:09-cv-238-WHB-LRA

**QUALITY TRUST, INC., and
LAWRENCE M. RUIZ**  RESPONDENTS

## OPINION AND ORDER

This cause is before the Court on the Motion of Petitioner, Suncoast Infrastructure, Inc., to Strike and to Confirm Arbitration Award and to Enter Judgment. Respondents have not responded to the Motion. Having considered the Motion, the attachments thereto, as well as supporting and opposing authorities, the Court finds the Motion should be granted in part, and presently denied in part.

## I. Discussion

On February 4, 2009, Petitioner, Suncoast Infrastructure, Inc. ("Suncoast"), filed a Petition in this Court to confirm an arbitration award that was made in its favor against Respondents, Quality Trust, Inc. ("Quality Trust"), and Lawrence M. Ruiz ("Ruiz"). On March 12, 2009, Ruiz individually and as President of Quality Trust answered and objected to the Petition. See Docket Nos. 5 & 6. On March 26, 2009, Suncoast filed the subject Motion requesting that the Court strike the Answer and objections filed on

behalf of Quality Trust by Ruiz.  Suncoast also requests that the Court confirm the arbitration award and enter judgment in its favor.

It is well-settled that a corporation must be represented by a licensed attorney.  <u>Rowland v. California Men's Colony</u>, 506 U.S. 194 (1993).  This has been the law in this country for nearly 200 years.  <u>See</u> <u>Osborn v. Bank of the U.S.</u>, 22 U.S. (9 Wheat.) 326, 365-66 (1824) ("A corporation ... can appear only by [an] attorney, while a natural person may appear for himself."); <u>Commercial & Railroad Bank of Vicksburg v. Slocomb, Richards & Co.</u>, 39 U.S. (14 Pet.) 60, 65 (1840) (holding that "a corporation cannot appear but by [an] attorney").  <u>See</u> <u>also</u> <u>Penguin Books USA, Inc. v. New Christian Church of Full Endeavor, LTD.</u>, No. RWS 96 CIV 4126, 1997 WL 26720, at *1 (S.D.N.Y. Jan 24. 1997) (finding that defendant, a not-for-profit corporation, was not permitted to appear *pro se* through its president in a federal court lawsuit).

In the present case, Suncoast asserts that Ruiz is not an attorney and, therefore, cannot represent Quality Trust in this Court.  Ruiz has not responded to this assertion and, accordingly, the Court will consider it confessed.[1]  For the reasons discussed above, the Court finds that Ruiz cannot represent Quality Trust in

---

[1] <u>See</u> <u>also</u> Pet'r's Mot. to Strike [Docket No. 7], at Ex. C (Orders of United States District Court for the Northern District of Florida finding that Ruiz did indicate that he was an attorney admitted to practice before that court and, therefore, could not represent Quality Trust in proceedings in that forum).

this case because a corporation must be represented by a licensed attorney. Accordingly, the Court finds that the pleadings filed by Ruiz on behalf of Quality Trust should be stricken from the record. The Court additionally finds that Quality Trust should be granted additional time in which to employ an attorney and have that attorney file an Answer to the Petition. Quality Trust is expressly warned that the failure to employ an attorney to represent it in these proceedings will result in a default judgment confirming the arbitration award being entered against it. Based on the extension of time granted by this Order, the Court will presently deny the subject Motion to the extent it seeks confirmation of the arbitration award and entry of judgment. Suncoast may re-file this Motion after an attorney makes a written appearance on behalf of Quality Trust or after the prescribed thirty-day period expires, whichever is shorter.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Petitioner, Suncoast Infrastructure, Inc., to Strike and to Confirm Arbitration Award and to Enter Judgment [Docket No. 7] is hereby granted in part and presently denied in part.

To the extent the subject Motion seeks to strike the Answer and Objection filed by Respondent, Quality Trust, Inc., the Motion is granted.

To the extent the subject Motion seeks confirmation of the arbitration award and entry of judgment, the Motion is presently denied.

IT IS FURTHER ORDERED that Respondent, Quality Trust, Inc., is hereby granted thirty (30) days from the date on which this Order in entered to employ an attorney to represent it in these proceedings and to have that attorney file an Answer to the Petition. Quality Trust, Inc., is hereby expressly warned that the failure to employ an attorney to represent it in these proceedings will result in a default judgment confirming the arbitration award being entered against it.

IT IS FURTHER ORDERED that Petition may re-file its Motion seeking to confirm the arbitration award and for entry of judgment after an attorney makes a written appearance on behalf of Quality Trust, Inc., or after the prescribed thirty-day period expires, whichever is shorter.

SO ORDERED this the 27th day of May, 2009.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE